[No. 11804–8–I.   Division One.   December 14, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY
R. THOMPSON, *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for respondent.

CALLOW, J.—Larry R. Thompson appeals a nonjury con-

viction of three counts of delivery of a controlled substance and one count of sale of counterfeit substances. This appeal concerns the four transactions which took place on November 15, 1980, December 2, 1980, January 8, 1981 and January 11, 1981.

During the period commencing November 15, 1980, and ending January 17, 1981, the following drug transactions occurred between the defendant and Snohomish County undercover police:

November 15, 1980—sale of marijuana
December 2, 1980—sale of a counterfeit substance
January 8, 1981—sale of marijuana
January 11, 1981—delivery of 0.1 gram of cocaine

An information covering the above earlier transactions was filed May 28, 1981.

January 17, 1981—possession of 982 grams of
                           cocaine with intent to deliver
January 17, 1981—possession of marijuana

An information concerning the above listed later transactions was filed January 22, 1981.

The defendant was arrested January 17, 1981 when cocaine was delivered to his apartment. The defendant's girl friend and the person who delivered the cocaine were arrested at the same time. Pursuant to a search warrant, marijuana was found on the premises. An information was filed January 22, 1981, charging the defendant, his girl friend, and the third person with possession of cocaine with intent to manufacture or deliver. An amended information charged the defendant with a second count of possession of marijuana. A trial wherein the defendant stipulated to the trial court's considering the issues on the affidavits and filed reports was heard on May 4, 1981, resulting in conviction on both counts.

The second information, filed May 28, 1981, charged the defendant with the earlier transactions and set forth three counts charging delivery of a controlled substance and one

count charging the sale of a counterfeit substance. The defendant moved to dismiss the charges pursuant to CrR 4.3 and 3.3. The trial court denied the defendant's motion. The defendant was convicted on all four counts. It is this second conviction which he now appeals.

The issues raised are:

1. Did CrR 4.3 require dismissal of the four counts against the defendant?

2. Did the January 22, 1981 filing of the information, which resulted in the first trial, trigger the time limits of CrR 3.3, as it applies to the four counts?

The first issue is whether the trial court erred when it failed to dismiss the four counts against the defendant, pursuant to CrR 4.3, or, as phrased otherwise, when there are several offenses of the same nature and evidence of the earlier offenses is used under ER 404 in the trial of the later offenses, does CrR 4.3 bar a second separate trial on the earlier crimes?

The defendant claims that CrR 4.3 mandated dismissal of the four counts against him since he had been tried already for related offenses. The State asserts that the four counts are not related offenses and are not subject to the mandatory joinder rules of CrR 4.3(c).[1] Instead, the State claims that the four counts are offenses "of the same or similar character" (CrR 4.3(a)) and as offenses of the "same or similar character", could have been joined in the first trial, but that the failure to include the four counts of the second information in the initial information does not preclude the State from charging the defendant with the four counts for a subsequent trial.

CrR 4.3 provides in part:

> (a) **Joinder of Offenses.** Two or more offenses *may* be joined in one charge . . . when the offenses . . .

---

[1] The definition of "related offenses" under CrR 4.3(c)(1) is less restrictive than the definition under 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 13–1.2 (2d ed. 1982), which reads: "Two or more offenses are related offenses if they are based upon the same conduct, upon a single criminal episode, or upon a common plan."

(1) Are of the same or similar character, even if not part of a single scheme or plan; or

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan;

(3) Improper joinder of offenses or defendants shall not preclude subsequent prosecution on the same charge for the charge or defendant improperly joined.

. . .

(c) **Failure To Join Related Offenses.**

(1) *Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct.*

. . .

(3) A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

(Italics ours.)[2]

The defendant cites *State v. Dailey,* 18 Wn. App. 525, 569 P.2d 1215 (1977) as authority for the position that the four counts included in the second information should have been joined in the first action and the State's failure to do so mandates dismissal of the four counts. *Dailey* involved the forgery of five checks, each bearing a different date but

---

[2]In the Commentary to Standard 13-1.2, 2 American Bar Ass'n, *Standards for Criminal Justice* (2d ed. 1980), it is stated that all offenses are either "related" or "unrelated." The ABA Standards then state that "related offenses" are those based upon the same conduct, upon a single criminal episode or upon a common plan. In discussing the meaning of "common plan" the Commentary states that offenses committed as part of a common plan are those tied together by the objective of each of the offenses being to achieve a goal not attainable by the commission of any one of the individual offenses.

dated within a time span of 60 days. In the first action Dailey was charged with forging three checks on the account of J. N. Orchards. Dailey had made himself payee and signed the name "Jack F. Nickell." He went to trial October 26, 1976, and was acquitted by a jury on all counts. On October 27, 1976, the State filed another information charging Dailey with two more counts of forgery of checks on which he was again the payee and the name "Jack F. Nickell" was forged. The additional checks had been received by the prosecutor October 19, 1976. The trial court found the two counts of forgery were related offenses to the earlier charges and dismissed the later counts pursuant to CrR 4.3. On appeal, the dismissal was affirmed with the court stating:

> On each of the five counts of forgery, the allegedly forged signature was that of Jack F. Nickell, the defendant was designated as the payee, and, with the exception of the September 13 check, all the checks were charged to the same account. Consequently, it would appear that the alleged forgery of the five checks involved conduct of "the same or similar character," although not necessarily constituting a single scheme or plan. . . . and were, therefore, related offenses.

(Footnotes omitted.) 18 Wn. App. at 528. The *Dailey* opinion held that the charges were offenses of the same or similar character although not necessarily constituting a single scheme or plan and had to be joined. The State in *Dailey* was precluded from charging the defendant with the two counts in a subsequent prosecution because the State *could have* joined the two counts of forgery in the earlier charges and the forgeries were really a part of the same conduct, and that, in effect, the State was taking two bites of the same apple.

CrR 4.3 requires joinder only when the offense is based on the same conduct as that alleged in other counts. CrR 4.3(c)(1). The interpretation of the joinder rules of CrR 4.3 as enunciated in *State v. Dailey* can be reconciled with the wording of CrR 4.3 only by finding that under the specific circumstances of that case, the five counts of forgery were

based upon the "same conduct" as defined by 2 American Bar Ass'n, *Standards for Criminal Justice* (2d ed. 1980), to wit, a course of conduct involving a series of the same physical actions. We hold that the *Dailey* case must be limited to its facts.

■ We choose to follow *State v. Mitchell,* 30 Wn. App. 49, 631 P.2d 1043 (1981). *State v. Mitchell* held that CrR 4.3 sets forth different provisions for permissive and mandatory joinder. CrR 4.3(a) deals with permissive joinder if the offenses are "of the same or similar character", or "[a]re based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan". On the other hand, CrR 4.3(c) mandates joinder if the offenses are "related offenses," in other words, "based on the *same conduct.*" (Italics ours.)[3]

As we observed in *State v. Mitchell, supra* at 54, the *permissive* joinder provisions of CrR 4.3(a)(2) should not be turned into a mandatory test.

■ The four counts of delivery and possession charged are not "related offenses" to the cocaine charges since they were not "based on the same conduct" and were four separate incidents. CrR 4.3(c)(1). The four counts might have been joined permissibly under CrR 4.3(a) in the first action since they were of the "same or similar character". However, the four counts were not "related offenses" as defined by CrR 4.3(c)(1). Further, the use of the earlier offenses under ER 404(b) to prove motive, opportunity, preparation, plan, knowledge, identity, or the absence of mistake or accident does not bar the defendant from being charged with those offenses at a later time. The admission of evidence of the commission of earlier offenses does not exonerate a defendant from guilt or responsibility for them. The

---

[3]The Commentary to Standard 13–1.3, 2 American Bar Ass'n, *Standards for Criminal Justice* (2d ed. 1980), discussing unrelated offenses states: "Offenses committed at different times and places are not 'related' merely because they are of the same or similar character. Thus, a series of burglaries or holdups would be unrelated offenses even though a distinctive mode of commission is repeatedly used."

trial court properly denied the defendant's motion to dismiss the four counts of the second information.

The second issue is whether filing of the first information on January 22, 1981, which resulted in the first trial, triggered the time limits of CrR 3.3 in regards to the four counts of the second information.

The defendant contends that the speedy trial time limit for the four counts began to run on January 22, 1981, since the January 22, 1981 cocaine and marijuana charges were "related offenses" to the four counts subsequently charged in the May 28, 1981 information. The State contends that the filing of an information triggers the time limits of CrR 3.3 only if joinder of the uncharged offenses is mandatory pursuant to CrR 4.3(c). The State asserts that the four counts are not "related offenses" to the offenses charged in the January 22, 1981 information, and, therefore, the speedy trial time limits for the four counts did not start to run until May 28, 1981, when the second information was filed.

We agree that the speedy trial time limits for the four counts did not start to run until the information charging the defendant with the four counts was filed May 28, 1981.

*State v. Peterson,* 90 Wn.2d 423, 431, 585 P.2d 66 (1978) stated:

> [*ABA Standards Relating to Speedy Trial,* Std. 2.2 (Approved Draft, 1968)] recommends that the time within which trial must be held should begin on all crimes "based on the same conduct or arising from the same criminal incident" from the time the defendant is held to answer any charge with respect to that conduct or episode. CrR 4.3(c), particularly subsection (3), appears supportive of the ABA standard here, as it expresses a preference for a single disposition of all charges arising from one incident. We apply that standard here.

*State v. McNeil,* 20 Wn. App. 527, 533–34, 582 P.2d 524 (1978) stated, "[i]f the time frames of CrR 3.3 are not met, the offense charged, along with any other offense required to be joined with that offense, shall be absolutely discharged."

The State was not *required* to join the four counts to the three counts in the first trial. The time for a speedy trial did not begin to run until the May 28, 1981 information charging the defendant with the four counts was filed because the four counts of the second information were not related to the charges in the first trial. The trial court correctly denied the defendant's motion to dismiss.

The conviction is affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.

Review denied by Supreme Court February 17, 1984.