[No. 49476–2. En Banc. March 15, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. LOUIS
EUGENE RUSSELL, *Petitioner.*

*Peter K. Mair* and *Neubauer, Mair, Abercrombie & Hunsinger,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca J. Roe, Deputy,* for respondent.

STAFFORD, J.—Petitioner, Louis Russell, asks this court to determine whether the double jeopardy clause bars retrial after a hung jury and whether on retrial the State may amend the information to charge, for the first time, second degree felony murder as an "alternative" to intentional second degree murder. We affirm the Court of Appeals in part and reverse it in part.

Initially, petitioner was charged with the premeditated first degree murder of Kenneth Hanks under RCW 9A.32-.030(1)(a). He was also charged with the attempted first degree murder of Sherry Hanks (wife of Kenneth Hanks) and with the first degree rape of Mrs. Hanks. Under the charge of the premeditated first degree murder of Kenneth Hanks, the jury was instructed on the lesser included offense of intentional second degree murder, RCW 9A.32-.050(1)(a).

After considering conflicting stories and inconsistent physical evidence, the jury acquitted petitioner of the premeditated first degree murder of Kenneth Hanks. The jury was, however, unable to reach a verdict on the lesser included offense or on either of the charges involving Sherry Hanks. Consequently, the trial court declared a mistrial.

Prior to the second trial, the State amended the information to eliminate the premeditated first degree murder charge and substitute intentional second degree murder based on the lesser included offense instructed upon in the first trial. RCW 9A.32.050(1)(a). There were no amendments to the charges of first degree rape and attempted

first degree murder in the Sherry Hanks incident. On the day set for trial, the State was permitted to amend the information a second time to add felony murder as an "alternative" means of committing second degree murder. RCW 9A.32.050(1)(b). An alleged second degree assault of Kenneth Hanks was the felony underlying the newly amended charge.

Following the second trial the jury found petitioner guilty as charged in the second amended information. Judgment was entered accordingly. The Court of Appeals affirmed the convictions in *State v. Russell,* 33 Wn. App. 579, 657 P.2d 338 (1983).

## I

Petitioner argues that where a mistrial results from a deadlocked jury, the principle of double jeopardy bars retrial for that offense. Petitioner contends that once the State has had full opportunity to convict him, the State's failure to convince the jury of his guilt is the equivalent of an acquittal for the purpose of double jeopardy. Findlater, *Retrial After a Hung Jury: The Double Jeopardy Problem,* 129 U. Pa. L. Rev. 701 (1981). We do not agree.

█ While the Findlater article is of novel interest, neither this court nor the United States Supreme Court has ever held that a hung jury bars retrial under the double jeopardy clauses of either the Fifth Amendment or Const. art. 1, § 9. *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165 (1824); *Arizona v. Washington,* 434 U.S. 497, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978); *State v. Jones,* 97 Wn.2d 159, 641 P.2d 708 (1982); *see also State v. Connors,* 59 Wn.2d 879, 883, 371 P.2d 541 (1962). We are not inclined to do so now.

The Court of Appeals correctly decided that retrial on the first degree rape and the attempted first degree murder charges did not violate the double jeopardy clauses. With respect to the Kenneth Hanks murder, we also agree that the retrial of petitioner on the previously instructed lesser included offense of intentional second degree murder was

not barred by the double jeopardy clauses. *State v. Anderson,* 96 Wn.2d 739, 638 P.2d 1205 (1982).

## II

As related above, the prosecuting attorney ultimately amended the information on retrial to do more than charge intentional second degree murder under RCW 9A.32-.050(1)(a). The information was amended to add felony murder as an "alternative" means of committing second degree murder.

 Petitioner notes that, although he was originally tried and the jury instructed on intentional second degree murder, the jury hung. He asserts that even if not prohibited by a theory of double jeopardy the State may not now, in the second amended information, charge him for the first time with second degree felony murder as an "alternative" means of committing second degree murder. Petitioner contends that as a related offense, the second degree felony murder charge should have been joined initially with the charge of intentional second degree murder. Thus, petitioner asserts the new charge violates the issue preclusion provisions of CrR 4.3(c). We agree.

CrR 4.3(c)(1) defines "related offenses" as follows.

> Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct.

Clearly, intentional second degree murder and second degree felony murder are intimately connected and thus are related offenses within the above definition. The only real question is whether these offenses fall within the purview of CrR 4.3(c)(3):

> *A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense* . . . The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the

ends of justice would be defeated if the motion were granted.

(Italics ours.)

The State contends, and the Court of Appeals agreed, that since a mistrial was granted, the intentional second degree murder charge was not "tried" within the purview of CrR 4.3(c)(3). We do not agree. While the retrial of that issue does not violate the prohibition against double jeopardy it would strain the concept of trial and resultant mistrial to conclude there had been no trial within the parameters of CrR 4.3(c)(3). At best, it can only be said that although tried, the issues were left unresolved and a mistrial followed.

Further, we observe that whereas the Court of Appeals, in ruling on the case, has placed its emphasis on the word "trial" we conclude emphasis is more properly placed on the term "related offense." This ties in more correctly with the rationale of "issue preclusion" to which CrR 4.3(c) is directed.[1] *See State v. Anderson supra; see also State v. Dailey,* 18 Wn. App. 525, 569 P.2d 1215 (1977). Failure to join second degree felony murder in the original information precludes its inclusion for the first time by way of amendment in the second trial. To this extent the Court of Appeals is reversed.

We do not reach the issue of whether second degree felony murder could have been joined by way of an instruction as a lesser included offense of premeditated first degree murder as was done with intentional second degree murder. That issue is not before us.

## III

As indicated above, petitioner was charged with intentional second degree murder and with second degree felony

---

[1] "[T]he purpose of this section of the standards is to protect defendants from 'successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a "hold" upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials.'" *ABA Standards Relating to Joinder and Severance* 19 (Approved Draft, 1968).

murder as an alternative means of committing second degree murder. The jury was instructed that to convict petitioner of intentional second degree murder or the "alternative" second degree felony murder, the jury must be unanimous as to the particular alternative chosen. Unfortunately, the verdict form supplied to the jurors did not distinguish between second degree felony murder and intentional second degree murder. The jurors were authorized to vote guilty or not guilty on the ultimate charge of second degree murder. No provision was made for considering each of the alternatives that composed the charge. Petitioner contends this violates *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). We agree.

As in *Green,* petitioner failed to assign error to the defective verdict form. Nevertheless, as in *Green,* petitioner has standing to raise the issue for the first time on appeal because the failure to separate the alternative issues dealt with in the verdict invades the fundamental constitutional right to trial by jury. *State v. Green, supra* at 231.

As in *Green,* the resultant verdict makes it impossible to know whether the jury returned a guilty verdict on intentional second degree murder or the "alternative" charge of second degree felony murder. This creates an insoluble problem since we have ruled that, under the attendant circumstances, it was error to have charged petitioner with second degree felony murder. CrR 4.3(c). As in *Green,* it is impossible to know whether the jury determined unanimously that the crime of intentional second degree murder had been committed or whether they determined unanimously that the "alternative" crime, improperly charged, had been proven. Accordingly, as in *Green,* we cannot say what the jury determined as to the second degree murder charge.

Consequently, we grant petitioner's prayer that the cause be remanded for new trial on the singular charge of intentional second degree murder. RCW 9A.32.050(1)(a).

We do not reach the question of whether under some theory of estoppel or issue preclusion the intentional sec-

ond degree murder charge should be dismissed outright rather than be tried a third time. Petitioner's prayer does not bring that issue before us.

WILLIAMS, C.J., and BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.
ROSELLINI, J., concurs in the result.

UTTER, J. (concurring)—I concur only because we are bound by our recent decision of *State v. Jones,* 97 Wn.2d 159, 162–63, 641 P.2d 208 (1982). If this was an original consideration, I would rule that under our constitution a jury hung 7 to 5 for acquittal necessarily implies a reasonable doubt.