[No. 13598-5-III.   Division Three.   May 9, 1996.]
THE STATE OF WASHINGTON, *Appellant*, v. EARL S. LEE, *Respondent*.

---

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Michael G. McCarthy*, for appellant.

*Hugh M. Spall, Jr.*, for respondent.

MUNSON, J., — In this case the court is asked to decide a question of law: Whether the joinder rule, CrR 4.3,

requires the State to file charges against a defendant as to all related offenses of which it has knowledge prior to trial of any of the charges.

In August 1992, James Micelli was charged with six counts of second degree theft. Each count alleged that during the month of June 1992, he had obtained money from a different victim as rent and deposits for housing which he could not in fact provide. The victims had responded to an advertisement which appeared in the Penny Press. In January 1993, Mr. Micelli pleaded guilty to an amended charge of one count of first degree theft involving a total of eight victims.

In August 1992, Earl Lee was charged with criminal trespass and second degree theft based on allegations he obtained money from Lucila Dominguez or the American Red Cross as a deposit and rent for a residence at 710 North 7th Street in Yakima. Mr. Lee did not own the residence on North 7th Street. He was tried and convicted on these charges in March 1993. After trial, the State offered to forgo bringing additional charges if Mr. Lee refrained from appealing the convictions. Mr. Lee nevertheless chose to appeal and the original convictions were ultimately reversed. *State v. Lee*, 128 Wn.2d 151, 904 P.2d 1143 (1995).

In April 1993, the State then charged Mr. Lee with (1) first degree theft, RCW 9A.56.030, based on allegations he wrongfully obtained money in an amount exceeding $1,500 from eight victims between June 1 and July 15, 1992; and (2) second degree theft, RCW 9A.56.040, based on allegations he wrongfully obtained more than $250 from Maria Sanchez or the Yakima Valley Chapter of the American Red Cross on June 29, 1992. The eight victims of the first degree theft charge were the same individuals who were involved in the charge to which Mr. Micelli had already pleaded guilty. In each of those cases, Mr. Lee had obtained money from victims and then provided no housing whatsoever. The second count, involving Ms. Sanchez, was similar to the earlier charge involving Ms. Dominguez

in that the Red Cross had paid for the housing and Mr. Lee purported to rent the residence on North 7th Street to both victims.

Mr. Lee subsequently moved to dismiss the 1993 charges for failure to join them with the charges filed in 1992 and for violation of his right to a speedy trial. The trial court found the 1992 and 1993 charges were related offenses because they arose from a single criminal episode or were part of a common plan. The court concluded the present charges must be dismissed under former CrR 4.3(c).[1] The court also concluded the present charges must be dismissed because the speedy trial time for these charges began to run in 1992 when the previous charges were filed and the State was aware of the evidence to support them.

■ The State contends the court erred in construing the mandatory joinder rule, former CrR 4.3(c), to require joinder of offenses if they are part of a common scheme or plan. In interpreting rules relating to joinder, we look to the policies the rule is intended to further. These policies are well summarized in the commentary to 2 AMERICAN BAR ASS'N (ABA), STANDARDS FOR CRIMINAL JUSTICE (2d ed. Supp. 1982).

Generally, joinder of related offenses achieves a variety of economies in the use of judicial and prosecutorial resources, including avoidance of duplication of evidence and use of resources. ABA Std. 13-2.1, Commentary at 13.12. Joinder may also benefit a defendant by eliminating "the harassment, trauma, expense, and prolonged publicity of multiple trials" and by providing advantages at sentencing including the possibility of concurrent sentences. ABA Std. 13-2.1, Commentary at 13.13.

Joinder may pose disadvantages to a defendant including the effect of numerous charges and the accumulation of evidence which could prejudice the jury against the defendant as well as the difficulty of presenting inconsistent defenses. ABA Std. 13-2.1, Commentary at 13.13. A

---

[1]CrR 4.3 was amended in 1995; former CrR 4.3(c) is now CrR 4.3A(b). 127 Wn.2d 1124-26. The relevant language of the rule is unchanged. *See* 106 Wn.2d 1119-21.

prosecutor may choose not to join charges in order " 'to hedge against the risk of an unsympathetic jury at the first trial, to place a hold upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials.' " ABA Std. 13-2.3(c), Commentary at 13.26 (quoting ALI, Model Penal Code § 1.08, comment (Tent. Draft No. 5, 1956)).

The benefits and disadvantages of joinder depend on various factors:

> A defendant charged with multiple offenses must weigh the risk of prejudice from a joint trial against the trauma and harassment of separate trials. The balancing process will involve an assessment both of the circumstances of the particular case and of the defendant's personal priorities.

ABA Std. 13-2.3(a), Commentary at 13.23 (footnote omitted). When the prosecutor deliberately fails to disclose related charges, the defendant is deprived of the opportunity to meaningfully weigh the relative risks and benefits of joinder. Accordingly, the joinder rule should be construed to protect a defendant from separate prosecutions on charges which have been filed. ABA Std. 13-2.3, Commentary at 13.22.

The rule providing for dismissal of certain related offenses for failure to join does not extend to offenses which are part of a common plan. Former CrR 4.3(c)(3). The reason for this is "a common plan could involve several apparently unrelated offenses. The burden that would be placed on a prosecutor if charged with the duty of discovering and joining these tenuously linked offenses would be too great." ABA Std. 13-2.3(c), Commentary at 13.28. In those cases where the prosecutor is aware of the grounds for additional related charges before trial, the duty to bring those charges imposes no burden of discovery.

Here, the record includes a police interview with Maria Sanchez on October 9, 1992, in which she provided extensive evidence which formed the basis for count 2

of the 1993 charges against Mr. Lee.[2] The record also contains an August 1992 report prepared by Detective Roberts, which describes Mr. Lee's role in thefts involving Maria Guerrero, Ramiro Garcia, Shirley Quenzer, Josephine Vargas, and Mario Pullido, five of the eight victims identified in count 1 of the 1993 information. The State was aware of the additional related offenses prior to Mr. Lee's trial on the charge involving Ms. Dominguez.

The purpose of the mandatory joinder rule is to protect a defendant from successive prosecutions, particularly when they are used to harass. ABA Std. 13-2.3(c), Commentary at 13.26. We are advised that after obtaining a conviction at the first trial the State attempted to prevent Mr. Lee from appealing by indicating an intent to file the additional charges. Mr. Lee disregarded the threat and successfully prosecuted his appeal from the first conviction.

Additional charges, filed after the trial of a related charge, were properly dismissed.

Affirmed.

SCHULTHEIS, A.C.J., and THOMPSON, J., concur.

Review granted at 130 Wn.2d 1001 (1996).

---

[2]The prosecuting attorney acquiesced in Ms. Sanchez' return to Mexico in 1992, and the charge relating to her case was not filed until her return back to Yakima.