[No. 64212-5. En Banc.]
Argued February 25, 1997.     Decided July 17, 1997.

THE STATE OF WASHINGTON, *Petitioner*, v. EARL S. LEE, *Respondent*.

500

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Michael G. McCarthy* and *Bruce Hanify, Deputies,* for petitioner.

*Hugh M. Spall, Jr.,* for respondent.

MADSEN, J. — The trial court held that offenses which are part of a common plan are subject to the mandatory joinder rule of former CrR 4.3(c) and dismissed the charges in this case because they were not joined with those prosecuted in *State v. Lee,* 128 Wn.2d 151, 904 P.2d 1143 (1995) (*Lee* I). The Court of Appeals affirmed on different grounds, essentially finding that the purpose of the mandatory joinder rule would be satisfied only if joinder is required. We reverse and remand this case for trial.

## FACTS

Defendant and his associate advertised in a local newspaper that they had houses for rent. The facts leading to the charges in *Lee* I are described in detail in that opinion. In brief, Defendant had signed an earnest money agreement to purchase a house, which he fixed up and rented prior to closing without the permission of the owner. The tenants had been solicited through newspaper advertising. Defendant failed to appear for closing. In August 1992, he was charged with criminal trespass and second degree theft of the rent. The jury acquitted him on the trespass charge and convicted him of theft. His conviction was reversed in *Lee* I.

The charges in the present case concern other prospective tenants who responded to the newspaper advertising. Defendant and his associate collected rent and deposits in advance in exchange for promised housing at a later date, and then failed to provide the promised housing. The pro-

spective tenants demanded return of their money, but Defendant and his associate did not return the money. In April 1993, the State charged Defendant with first degree theft for wrongfully obtaining money from eight victims between June 1 and July 15, 1992. The State also charged Defendant with second degree theft, based upon his cashing a rent check issued by the Red Cross for a woman who became homeless in an apartment house fire. He failed to provide her with housing.

Defendant moved for dismissal of the charges for failure to join them with the charges filed in 1992 and for violation of speedy trial rights. The trial court dismissed the charges, finding that that they were related offenses subject to mandatory joinder because they all were part of a common plan or scheme. The court also determined that Defendant's speedy trial rights were violated. The State appealed. The Court of Appeals affirmed. Although that court said that the mandatory joinder rule does not extend to offenses which are part of a common plan, the court nevertheless said the offenses were related and the State had been aware of them when it charged Defendant in 1992 for the offenses which were at issue in *Lee* I.

We granted the State's petition for discretionary review.

## ANALYSIS

Mandatory joinder under former CrR 4.3(c)[1] is required where the offenses are "related offenses," except under certain circumstances identified in the rule. Offenses are "related" under former CrR 4.3(c)(1) "if they are within the jurisdiction and venue of the same court and *are based on the same conduct*." (Emphasis added.) Permissive joinder under CrR 4.3(a)(2), on the other hand, is authorized where the offenses "[a]re based . . . on a series of acts connected together or constituting parts of *a single scheme or plan*." (Emphasis added.)

---

[1]The mandatory joinder rule of CrR 4.3(c) is now found in CrR 4.3A(b), Consolidation for Trial.

The trial court confused mandatory and permissive joinder by holding that offenses which were part of a common plan constitute "same conduct" under Washington's mandatory joinder rule, despite the fact that the *permissive joinder* rule expressly encompasses offenses constituting part of a single scheme or plan. The Court of Appeals correctly concluded that "[t]he rule providing for dismissal of certain related offenses for failure to join does not extend to offenses which are part of a common plan." *State v. Lee*, 81 Wn. App. 609, 613, 915 P.2d 1119 (1996) (*Lee* II).

Similar confusion of permissive and mandatory joinder standards appears in *State v. Dailey*, 18 Wn. App. 525, 569 P.2d 1215 (1977), which Defendant urges the court to follow. There, the Court of Appeals determined whether offenses were related by examining whether the offenses were of the same or similar character. *Id.* at 528. However, under CrR 4.3(a)(1), *permissive joinder* is authorized where the offenses "[a]re *of the same or similar character*, even if not part of a single scheme or plan . . . ." (Emphasis added.) In *State v. Thompson*, 36 Wn. App. 249, 254, 673 P.2d 630 (1983), Division One of the Court of Appeals recognized the analytical error in *Dailey* and held that "the *Dailey* case must be limited to its facts." As the court in *Thompson* correctly observed, "the permissive joinder provisions . . . should not be turned into a mandatory test." *Id.* at 254 (emphasis omitted).

We decline to import permissive joinder standards into the mandatory joinder rule. Instead, we take this opportunity to clarify the analysis for determining what constitutes "same conduct" for purposes of the mandatory joinder rule. Only offenses based upon the "same conduct" are "related offenses."

We recently discussed the mandatory joinder rule in *State v. Harris*, 130 Wn.2d 35, 40, 921 P.2d 1052 (1996). In *Harris* we adopted the "*Peterson* rule" for purposes of the juvenile court speedy trial rule. In *State v. Peterson*, 90 Wn.2d 423, 431, 585 P.2d 66 (1978), the court held that the time within which trial must be held should be " 'based on

the same conduct or arising from the same criminal incident' from the time the defendant is held to answer any charge with respect to that conduct or episode." We said in *Harris*:

> The policy behind the *Peterson* rule is similar to the policy behind mandatory joinder. Joinder principles are designed to protect defendants from
>
>> "successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials."
>
> [*State v.*] *McNeil*, 20 Wn. App. [527,] 532, [582 P.2d 524 (1978)] . . . The *Peterson* rule prevents prosecutors from harassing a defendant by bringing successive charges over a long span of time even though all charges stem from the same criminal episode. When multiple charges stem from the same criminal conduct or criminal episode, the State must prosecute all related charges within the speedy trial time limits.

*Harris*, 130 Wn.2d at 43-44. We observed, as we did in *Peterson*, that former CrR 4.3(c)(3) " 'expresses a preference for a single disposition of all charges arising from *one incident.*' " (Emphasis added). *Harris*, 130 Wn.2d at 40 (quoting *Peterson*, 90 Wn.2d at 431).

Consistent with the analysis in *Harris* and *Peterson*, we hold that "same conduct" for purposes of deciding what offenses are "related offenses" and, therefore, subject to mandatory joinder is conduct involving a single criminal incident or episode. We do not attempt to describe the exact boundaries of "same conduct," but it would include, for example, offenses based upon the same physical act or omission or same series of physical acts.[2] Close temporal or geographic proximity of the offenses will often be present; however, a series of acts constituting the same crimi-

---

[2]Such acts are within the definition of "same conduct" found in the commentary to ABA Standard 13-1.2:

nal episode could span a period of time and involve more than one place, such as one continuous criminal episode involving a robbery, kidnapping, and assault on one victim occurring over many hours or even days.

However, offenses involving separate incidents do not constitute same conduct. For example, the Court of Appeals in *Thompson* concluded that charges involving three counts of delivery of a controlled substance and one count of sale of a controlled substance occurring from November 15, 1980, through January 11, 1981, were not related offenses to charges for possession occurring on January 17, 1981. The court noted the four counts involved "four separate incidents" from the possession counts. *Thompson*, 36 Wn. App. at 254. In *State v. Mitchell*, 30 Wn. App. 49, 631 P.2d 1043 (1981), the Court of Appeals held that six residential burglaries committed August 7, 1979, through August 15, 1979, were offenses not related to a seventh committed August 15, 1979, because they were not based upon the same conduct.

In this case, the trial court concluded that the crimes charged in the 1992 and 1993 informations were part of a common plan. While that may be the case, it does not answer the issue whether mandatory joinder was required. As explained above, under CrR 4.3(a)(2), *permissive joinder* is authorized where offenses are based upon a series of acts constituting a single scheme or plan.

While the same method may have been used to appeal to all the victims, the conduct underlying charges in this case involved taking money from numerous different

---

The most closely related offenses are those based upon the same physical act or actions. The simplest example of a "same conduct" offense may be the case where the defendant's single physical act injures two persons, as where a single gunshot hits two victims. More complex same conduct offenses may involve a course of conduct, as where the same series of physical acts generates charges of resisting arrest and assault. Same conduct offenses may also be committed by multiple defendants, as where one defendant commits the offense at the instigation of another defendant.

2 ABA Standards for Criminal Justice, *Joinder and Severance* 13-1.2, Commentary (2d ed. 1980) (footnotes omitted). *See State v. Bradley*, 38 Wn. App. 597, 687 P.2d 856 (1984) (applying this definition under former CrR 4.3(c)(3)).

victims and then failing to return it when the promised housing was not provided. In contrast, the offenses charged in *Lee* I were trespass and theft of rent where Defendant fixed up a house and rented it without the owner's permission.

The offenses in this case do not involve the same incident as in *Lee* I. Merely because some of the allegedly criminal activity was the same is not enough to conclude all the offenses are based on the same conduct. The trial court erred in dismissing the charges in the present case under former CrR 4.3(c)(3).

Two other matters call for discussion. First, the Court of Appeals correctly noted that the mandatory joinder rule does not extend to offenses which are part of a common plan. Nevertheless, the court assumed the current offenses are related to those charged in the 1992 information, and then placed great weight on the fact the State knew of the additional "related" offenses prior to the trial on the earlier information. *Lee* II, 81 Wn. App. at 613-14. Whether the State is aware of additional charges, however, is not the dispositive inquiry under the mandatory joinder rule.

Second, Defendant argues, and the Court of Appeals apparently agreed, that the State "threatened" to file the additional charges if Defendant appealed his conviction on the 1992 counts. *Id.* at 614. Defendant maintains the "threat" by the State is the kind of improper hedging against unfavorable outcomes the mandatory joinder rule is intended to prevent.[3]

■ As explained above, the offenses here are not subject to the mandatory joinder rule at all. Further, there is nothing per se wrong with the State negotiating for a plea agreement which includes an agreement to waive the right to appeal a criminal conviction. *State v. Perkins*, 108 Wn.2d 212, 737 P.2d 250 (1987). The court in *Perkins*

---

[3]Defendant has not argued that prosecutorial misconduct warrants dismissal under CrR 8.3(b).

observed that discouragement of plea negotiations, including an agreement by a defendant to waive the right to appeal, would operate as a disincentive to prosecutors to offer what particular defendants and their counsel might regard as worthwhile inducements to forgo that right. *Id.* at 216 (citing and quoting *State v. Gibson*, 68 N.J. 499, 511, 348 A.2d 769, 89 A.L.R.3d 840 (1975)). Further, the policy of settlement of litigation is served, provided the " 'administration of such a settlement is fair, free from oppressiveness, and sensitive to the interests of both the accused and the State.' " *Perkins*, 108 Wn.2d at 216. The court in *Perkins* further noted that while there is a constitutional right to appeal in this state, there is no valid reason why that right cannot be waived as in the case of other constitutional rights. *Id.* at 217. Waiver of the right to appeal must be made intelligently, voluntarily, and with an understanding of the consequences. *Id.* at 217-18.

Here, the State's proposal that Defendant waive his right to appeal was part of permissible negotiations. The State proposed that it would not seek an exceptional sentence in *Lee* I and that it would not file charges for offenses involving the additional victims. In exchange, Defendant would pay restitution to all victims and would forgo post-trial motions and his right to appeal in *Lee* I. Defendant declined to accept the offer, and appealed his conviction in *Lee* I.

Agreements to forgo seeking an exceptional sentence, to decline prosecuting all offenses, to pay restitution on uncharged crimes, and to waive the right to appeal are all permissible components of valid plea agreements. *See* RCW 9.94A.080; RCW 9.94A.142(2); *Perkins*, 108 Wn.2d at 217-18. Because a waiver of the right to appeal may be part of a valid plea agreement, it follows that the State's proposal that Defendant waive his right to appeal under the circumstances here cannot be viewed in and of itself as impermissible coercion.

The Court of Appeals is reversed and this cause is remanded for trial.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.