IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34459-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BULLARD MIDDLETON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — David Middleton appeals his convictions for possession of a stolen

motor vehicle and third degree driving while license suspended (DWLS), alleging his

attorney provided ineffective assistance. We partially agree with his claim and reverse

the DWLS conviction. We affirm the stolen vehicle conviction and decline to award

costs.

## FACTS

The few necessary facts at issue are procedural in nature. Mr. Middleton initially was charged in the Spokane County Superior Court with one count of taking a motor vehicle without permission in the first degree and possession of a controlled substance. The case proceeded to jury trial. The jury could not reach a verdict on the vehicle taking charge, but did find Mr. Middleton guilty on the drug possession charge.

Prior to the retrial, the prosecutor successfully moved to amend by adding charges of possession of a stolen motor vehicle and DWLS along with the existing counts. Our record does not reflect whether the defense challenged the amendments or not. The transcript of that hearing has not been prepared for review.

The jury acquitted on the taking a motor vehicle count at the second trial, but convicted Mr. Middleton on the two charges added by the amendment. After the court imposed an exceptional sentence by running the drug possession and possession of a stolen vehicle charges consecutively to each other due to his high offender score, Mr. Middleton timely appealed to this court. A panel considered the matter without argument.

## ANALYSIS

Appellant presents a single contention that his attorney performed ineffectively by not seeking to dismiss the two amended charges. The prosecution contends the amendment was proper, at least on the possession of a stolen vehicle charge, and that

2

appellant has failed to provide an adequate record to even consider the claim. In light of the nature of appellant's challenge—his counsel's failure to seek *dismissal* of the new counts—we do not believe the record of the hearing on the amendment, whether it would have showed that counsel opposed the amendment or not, would have been helpful in resolving the challenge presented.[1] Accordingly, we consider the merits of the claim.

The standards governing review of ineffective assistance claims are well understood. The Sixth Amendment guaranty of counsel requires that an attorney perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be disposed of on one ground, a reviewing court need not

---

[1] Respondent was free to supplement the record with a transcript of the hearing if he believed there was need for that record in order to resolve the claim. In the event that the transcript showed that counsel had orally moved to dismiss the amendment once it was granted, the effect of that action would have been to have preserved the CrR 4.3.1 issue, which means that we still would address the merits of the claim. The State, thus, is unlikely to actually need the transcript, either.

consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

Washington's mandatory joinder rule governing amendments after trial is found in CrR 4.3.1(b)(3). A motion to dismiss new charges must be made before the retrial and must be granted unless the prosecutor can establish that the ends of justice require the amendment.[2] *Id.* An amendment that adds an inferior degree or lesser included offense is proper. *State v. Russell*, 101 Wn.2d 349, 351-354, 678 P.2d 332 (1984).

It is in this context that Mr. Middleton argues that his counsel erred in not seeking dismissal of the two new counts because the ends of justice did not require the amendment. The State agrees that the DWLS amendment was not justified, but argues that the possession of a stolen vehicle charge was an included offense of the taking a motor vehicle count. We leave the issue of whether the two offenses stand in a lesser included relationship for another day because we agree with the alternative argument that Mr. Middleton's claim fails to satisfy *Strickland*.

Defense counsel had a clear tactical reason to not challenge the amendment. The crime of first degree taking a motor vehicle is a level V offense, resulting in a standard range of 72-96 months for a person, such as Mr. Middleton, with an offender score of nine or more. RCW 9.94A.510, .515. In contrast, the crime of possession of a stolen

---

[2] The rule also recognizes that prior lack of evidence or knowledge of the facts constituting the related offense justify the joinder of the related charge.

vehicle is a level II offense for which Mr. Middleton faced the range of 43-57 months. *Id.* The effect of the amendment was to offer the jury a lesser crime that had between 29 and 39 months less prison time attached to it. The jury ultimately chose that option.

Defense counsel had a strong tactical basis for not objecting to the addition of the possession of a stolen vehicle charge since it did not harm her client and offered the chance of a significantly reduced sentence. Under these facts, Mr. Middleton cannot establish his attorney erred by failing to seek dismissal. The ineffective assistance claim fails with regard to the stolen vehicle charge. However, we agree with parties that there was no reason not to challenge the DWLS charge. It did not offer jurors an alternative basis for liability and cannot remotely be considered an inferior offense. Trial counsel erred by failing to seek dismissal of that count. We reverse that count and direct the trial court strike the offense from the judgment and sentence. Since it did not affect the sentence on the two felony counts, there is no need to resentence Mr. Middleton.

The conviction for possessing a stolen motor vehicle is affirmed and the conviction for driving while license suspended is reversed. In view of the fact that Mr. Middleton prevailed on one of the two charges, we grant his motion to deny the State costs on appeal.

5

No. 34459-2-III
*State v. Middleton*

Affirmed in part and reversed in part.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, C.J.