[No. 12651-2-I.   Division One.   June 4, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD
H. BAILEY, *Appellant*.

*Nancy Talner* of *Washington Appellate Defender Association*, for appellant.

*Seth Dawson, Prosecuting Attorney*, and *Mickey Krom* and *S. Aaron Fine, Deputies*, for respondent.

SWANSON, J.—Richard H. Bailey appeals his conviction for forgery after trial to the court on stipulated facts. He alleges the trial court erred by failing to dismiss the charge because of a violation of the speedy trial rule.

In December of 1981, a number of blank checks were stolen from the Harms Representative Company. From December 16 to December 21, a number of the stolen checks were cashed in Snohomish County. The Snohomish County Prosecutor filed a complaint in district court on

March 31, 1982 charging Bailey with forging a check on the account of Harms on December 16, 1981. On June 10, 1982, a second charge was filed in Snohomish County District Court charging Bailey with forging a check in Lynnwood on the account of Cirtec on December 21, 1981. On August 27, 1982, the prosecutor filed an information in superior court charging Bailey with the December 16 forgery as count 1, the December 21 Cirtec forgery as count 3, and a new charge for forgery in Mountlake Terrace on the Harms account on December 21, 1981, as count 2.

Bailey moved for dismissal under the speedy trial rule, CrR 3.3, at his arraignment on September 9, 1982, arguing in part that filing of the first charge triggered the rule's time limits for count 2. Because the rule's time limit had expired for the counts charged in district court, the trial court granted the motion for dismissal on counts 1 and 3, but the court denied the motion on count 2. Bailey appeals.

We are first asked to determine the proper test for deciding whether crimes arise out of acts so closely connected that filing a charge on one crime triggers the speedy trial time limits for the others. Bailey contends that once a charge is filed the time limits under CrR 3.3 begin to run on all charges arising out of the same incident or episode. The State contends that a narrower test is required. It asserts that the same conduct test under the mandatory joinder rule, CrR 4.3(c), should be applied.

█ Washington's speedy trial rule, CrR 3.3, does not discuss the situation where separate charges arising from connected acts are filed at different times. Our Supreme Court in *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978), addressed the issue, turning to the ABA criminal justice standards for guidance. The court adopted the ABA standard's same conduct or episode test, explaining:

> [B]ecause we find [in our rules] no provisions which contemplate separate charges from the same conduct filed years apart, we look to ABA standards to provide supplemental interpretation. Standard 2.2 [*ABA Standards Relating to Speedy Trial* (Approved Draft, 1968)] rec-

ommends that the time within which trial must be held should begin on all crimes *"based on the same conduct or arising from the same criminal [episode]"*[1] from the time the defendant is held to answer any charge with respect to that conduct or episode. CrR 4.3(c), particularly subsection (3), appears supportive of the ABA standard here, as it expresses a preference for a single disposition of all charges arising from one incident. We apply that standard here.

(Italics ours.) *Peterson,* at 431. In light of the analysis in *Peterson,* it is clear that the same conduct or episode test of the ABA standard applies.

The second issue before the court is whether under the same conduct or episode test, the trial court erred by not dismissing count 2. Bailey argues that the speedy trial time limits began to run on count 2 when the charges were filed on counts 1 and 3. We disagree.

Because the court in *Peterson* relied upon the ABA standard to establish the same conduct or episode test, the standard's definitions of those terms are an appropriate starting point for determining the boundaries of the test. The commentary to the standard provides:

> The word "conduct" is usually taken to mean an act or omission, and thus covers those cases where several offenses arise out of the same act, as where a defendant recklessly operates an automobile and kills two persons. "Episode" means "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." This would cover the simultaneous robbery of seven individuals, the killing of several people with successive shots from a gun, the successive burning of three pieces of property, or such contemporaneous and related crimes as burglary and larceny, or kidnapping and robbery.

(Footnotes omitted.) 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 12–2.2(a), Commentary at 12.21 (2d ed. 1980). Particularly in light of the illustrations pre-

---

[1]The court in *Peterson* misquoted the standard, using the term "incident" instead of episode.

sented, the standard's definition of episode, while broader than the definition of conduct, is relatively narrow. The illustrations suggest that "episode" includes only acts that occur in close proximity in time and space, ordinarily only in a connected sequence.

Applying this definition to the present case, we conclude that the acts that constituted the forgeries here were not part of the same conduct or episode. There is no doubt that the forgeries did not arise out of the same conduct. Further, under the definition of the standard, it is clear that the forgeries did not arise out of the same episode. The count 1 forgery took place on a different day and in a different city than the count 2 forgery. Although the two checks cashed that led to count 2 and count 3 both took place on the same day, the checks were cashed in two different cities. The acts were not part of a closely connected sequence as required by the standard's definition. Accordingly, the speedy trial time limits did not begin to run on count 2 when charges were filed on counts 1 and 3.[2]

The judgment is affirmed.

ANDERSEN and SCHOLFIELD, JJ., concur.

Review denied by Supreme Court September 7, 1984.

---

[2]One additional observation is necessary. This court in *State v. Dailey*, 18 Wn. App. 525, 569 P.2d 1215 (1977), under facts virtually identical to the facts here, held that the speedy trial time limits began to run from the time the first forgery was charged. *Dailey* was decided before *Peterson*, however, and applied a somewhat broader test under CrR 4.3. Because *Peterson* subsequently adopted the narrower test, this court need not follow *Dailey*.