IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33343-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL ANTHONY MCVAY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Paul Anthony McVay appeals his conviction for first

degree assault. He contends he received ineffective assistance of counsel due to his

counsel's failure to object to the State amending the information. He argues had his

counsel objected, the trial court would have been required to not allow the amendment.

He contends his counsel's failure to object was deficient performance and he was

prejudiced. The State does not respond to McVay's arguments. We reverse.

## FACTS

McVay was involved in a fight with Keyton Sykes, and Sykes suffered serious

puncture wounds. The State originally charged McVay with first degree assault under

RCW 9A.36.011(1)(a). That subjection required the State to prove McVay intended to

inflict great bodily harm on Sykes with a deadly weapon. At trial, McVay testified that he stabbed Sykes with a pocket knife. The jury was unable to reach a decision and the trial court declared a mistrial.

The State thereafter amended the information. The amendment included the original means and a new alternative means for first degree assault. The new alternative means cited RCW 9A.36.011(1)(c). That subsection required the State to prove McVay intended to and actually did inflict great bodily harm on Sykes. McVay's counsel did not object to the amended information. At trial, McVay again took the stand and related the same testimony as in his first trial.

The trial court instructed the second jury on both of the charged means for committing first degree assault. The trial court also instructed the jury that it need not be unanimous as to which of the alternative means is proved beyond a reasonable doubt, as long as each juror finds that either is proved beyond a reasonable doubt. The jury found McVay guilty of the charged offense. McVay timely appealed.

## ANALYSIS

A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). To establish a claim of ineffective assistance of counsel, a

2

defendant must show: (1) counsel's performance was deficient, and (2) the deficiency prejudiced the defendant. *Id.*

Deficient performance is performance that falls below an objective standard of reasonableness, and reasonable conduct for an attorney includes carrying out the duty to research the relevant law. *Id.* Prejudice requires the defendant to prove there is a reasonable probability that without counsel's deficient performance the outcome of the proceedings would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is strongly presumed to be reasonable. *Kyllo*, 166 Wn.2d at 862. Legitimate trial strategy or tactics is not deficient. *Id.* at 863. This court reviews a claim of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

CrR 4.3.1(b)(3) is the mandatory joinder rule. It provides:

A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for consolidation of these offenses was previously denied or the right of consolidation was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

3

McVay argues had his trial counsel objected to the State amending the information to assert a new alternative means, the trial court would have been required to dismiss the new alternative means as a matter of law. McVay is correct. *See State v. Dallas*, 126 Wn.2d 324, 329, 892 P.2d 1082 (1995) (an amendment that adds a new alternative means is a related offense within the meaning of the mandatory joinder rule).

McVay argues, and the State does not dispute, that his counsel's failure to object here was deficient performance. Because defense counsel is required to research the law, failure to object when the objection would be sustained arguably is deficient performance. *See State v. Carter*, 56 Wn. App. 217, 225, 783 P.2d 589 (1989); *id.* at 228 (Winsor, J. dissenting) (majority and dissent disagree whether failure to object to an amendment that violates the mandatory joinder rule is necessarily deficient performance).

McVay further argues, and the State does not dispute, that his counsel's deficient performance prejudiced him. He argues the difference between the two trials was that the jury had two means to determine guilt, it was instructed it need not be unanimous as to the means, and one of the means was improper. McVay, arguably, is correct.

We conclude McVay has sufficiently established he received ineffective assistance of counsel. He is, therefore, entitled to a new trial based only on the initial information.

Reversed.

4

No. 33343-4-III
*State v. McVay*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

5

33343-4-III

KORSMO, J. (concurring in the result) — This appeal presents two questions that I am uncertain whether we have addressed properly, but that is the fault of the respondent. First, it is unclear to me that an alternative means of committing the same existing charged offense, is a "related offense" for purposes of our mandatory joinder rule, CrR 4.3.1(b)(3). There is some authority that might be applied to this circumstance, although that case is easily distinguishable. *See State v. Russell*, 101 Wn.2d 349, 678 P.2d 332 (1984) (adding alternative charge of second degree felony murder before retrial).

The second problem I have is whether appellant has satisfied the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel performs ineffectively when she errs to the point that it is below the standard of care for the profession and that error actually prejudices her client. *Id.* at 687-688. The primary case relied on by the appellant and the majority is not apropos here since Mr. McVay defended on a theory of self-defense. *State v. Carter*, 56 Wn. App. 217, 783 P.2d 589 (1989). In *Carter*, the prosecution added a charge of first degree assault prior to the retrial of a charge of first degree robbery. A divided Division One panel determined that

counsel was ineffective for failing to object to the amendment. *Id.* at 225-226. In the dissent, Judge Winsor believed the record was insufficient to allow the determination that counsel had actually erred. *Id.* at 226-228.[1]

Whether or not trial counsel erred here depends in large part on the answer to my first question. Whether or not Mr. McVay's defense was actually prejudiced by the additional means of committing first degree assault also is unclear. It was undisputed at trial that Mr. McVay stabbed the victim, resulting in serious injury. What was in dispute was whether Mr. McVay was justified in defending himself. It is highly unlikely that the addition of the alternative means of committing the same crime was prejudicial to the defense of the case. By claiming self-defense, Mr. McVay agreed that he had committed the first degree assault and the only question was whether he had sufficient justification for his actions. This is a far different situation than that in *Carter* or most other cases where the addition of a new crime resulted in obvious prejudice—a conviction on an additional offense with ensuing prejudicial consequences for the defendant.

We also should be wary of allowing charging document amendment issues to be heard for the first time on appeal merely because the nonmoving party sometimes can

---

[1] His view of the rule problem was supported by the fact that the *Carter* majority had to adopt a new construction of a previously undefined portion of the mandatory joinder rule. *See Carter*, 56 Wn. App. at 223 (adopting definition of "ends of justice"). It is difficult to see how defense counsel was expected to anticipate the new definition when it came time to challenge the proposed amendment in the trial court.

2

No. 33343-4-III
*State v. McVay*

accuse defense counsel of performing ineffectively. The standards governing amendments are found in CrR 2.1(d) and its case law progeny, while mandatory joinder is governed by a different standard found in CrR 4.3.1(b)(3). What is needed to justify an amendment is different from what is needed to join a related offense.[2] Without a challenge being raised, the proper argument and record might not be made. The State also is entitled to add new charges for a retrial when the interests of justice demands it, but has no obligation to establish those interests when there is no objection to an amendment.[3] Without that record, we cannot tell whether the mandatory joinder rule truly has been violated. We also do not know what defense counsel's view of the situation was at the time of amendment if the issue is not argued to the trial judge. Accordingly, there may be times when this issue simply does not present a question of manifest constitutional error.

Summing up, I have serious reservations whether Mr. McVay has made his case on appeal because, if his attorney actually erred by not challenging the amendment, it does not seem that the self-defense case was prejudiced in the least. However, as the

---

[2] This distinction was the legal issue that divided the panel in *Carter*.

[3] The prudent prosecutor therefore should always present argument (and, where appropriate, evidence) in support of an amendment when changing a charging document before a retrial with the possibility this will later be treated as a joinder issues rather than as an amendment problem. Similarly, the trial judge should demand that the interests of justice be established before granting the amendment in this circumstance.

3

No. 33343-4-III
*State v. McVay*

prosecutor has not bothered defending the appeal and *Carter* at least presents some

authority for granting relief, I concur in the result.

_____
Korsmo, J.

4