[No. 2320–3.   Division Three.   June 27, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES J. McNEIL, *Appellant*.

*Thomas Milby Smith,* for appellant.

*Edwin J. Stanfill, Prosecuting Attorney,* and *Joshua F. Grant, Deputy,* for respondent.

McINTURFF, J.—James J. McNeil appeals from convictions on two counts of falsification of accounts by a public officer.

The sole issue is whether a dismissal of the State's case with prejudice, pursuant to CrR 3.3[1] for want of timely prosecution, bars a later prosecution for crimes not charged in the first instance but which arose out of the same criminal act or episode.

In April 1975 Mr. McNeil was charged with four counts of embezzling hospital funds.[2] Three of the counts alleged

---

[1]CrR 3.3 provides in pertinent part:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

". . .

"(g) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

[2]RCW 9.54.010 provided in pertinent part:

"Every person who, with intent to deprive or defraud the owner thereof—

". . .

offenses on days certain, and the fourth was a catch–all, charging embezzlement from January 1, 1974, through September 24, 1974. The charges arose from an audit conducted by a private firm and Mr. McNeil's successor as administrator of Garfield County Memorial Hospital. That information was dismissed with prejudice in September 1975 for failure of the State to meet the speedy trial requirements of CrR 3.3.

In August 1976 Mr. McNeil was charged with falsifying accounts as a public officer.[3] Each of the four counts alleged offenses occurring between March 18, 1974, and June 25, 1974. That information was filed after a state auditor reviewed the earlier audit to determine whether the amount of an alleged cash shortage was accurate. In oral argument to this court the prosecutor conceded that all eight counts arose from the same documents involved in the audit. A jury found Mr. McNeil guilty on two of the four counts.

Throughout the trial proceedings, Mr. McNeil sought a dismissal of the second information on the grounds (1) of former jeopardy; (2) that the latter charges were lesser included offenses within the earlier charges; (3) that the

---

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto . . .

"Steals such property and shall be guilty of larceny."

[3]RCW 42.20.070 provides in pertinent part:

"Every public officer . . . who

"(1) Shall appropriate to his own use or the use of any person not entitled thereto, without authority of law, any money so received by him as such officer or otherwise; or

"(2) Shall knowingly keep any false account, or make any false entry or erasure in any account, of or relating to any money so received by him; or

"(3) Shall fraudulently alter, falsify, conceal, destroy or obliterate any such account; . . .

"(4) . . . shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

filing of the second information violated his right to speedy trial on those matters; and (4) that CrR 4.3[4] required mandatory joinder of the charges contained in both informations. Because of our disposition of this matter, we reach only the question concerning the application of the speedy trial rule.

Prior to the adoption of CrR 3.3, speedy trial time frames and the effect of the State's failure to quickly bring a defendant to trial were settled by RCW 10.46.010[5] and RCW 10.43.010.[6] As the court said in *State v. Deloria*, 129

---

[4]CrR 4.3 provides in pertinent part:

"(a) **Joinder of Offenses.** Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:

"(1) are of the same or similar character, even if not part of a single scheme or plan; or

"(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan;

"(3) improper joinder of offenses or defendants shall not preclude subsequent prosecution on the same charge for the charge or defendant improperly joined.

" . . .

"(c) **Failure to Join Related Offenses.**

"(1) Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct.

" . . .

"(3) A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted."

[5]RCW 10.46.010 states:

"Trial within sixty days. If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

[6]RCW 10.43.010 states:

"Dismissal, when a bar. An order dismissing a prosecution [for lack of speedy trial] shall bar another prosecution for a misdemeanor or gross misdemeanor

Wash. 497, 499, 225 P. 405 (1924):

> Under these statutes, the courts and prosecuting attorneys do not lose their power or jurisdiction over a person charged with a felony simply because the person so charged was not brought to trial on a previous information within the statutory sixty–day period.

■ However, the effect of the statutes regarding the dismissal of a felony for lack of speedy trial was changed by the adoption of the new criminal rules. In *State v. Williams,* 85 Wn.2d 29, 32, 530 P.2d 225 (1975), the court concluded that dismissal with prejudice is required where the State fails to bring the accused to trial within the applicable time limits of CrR 3.3. *See also State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976). As the court said in *State v. Cummings,* 87 Wn.2d 612, 617, 555 P.2d 835 (1976), the speedy trial statutes have been superseded insofar as the new criminal rules conflict with them.

Thus, the effect of a failure to observe the speedy trial time rules of CrR 3.3 now is clear—the State's charges must be dismissed with prejudice, and Mr. McNeil cannot be tried on the embezzlement counts. That is the effect of the ABA Standards Relating to Speedy Trial § 4.1 (Approved Draft 1968), which was expressly adopted by our court. *See State v. Striker, supra* at 874. Section 4.1 provides:

> If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the consequence should be absolute discharge. *Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense.* Failure of the defendant or his counsel to move for discharge prior to trial or entry of a plea of guilty should constitute waiver of the right to speedy trial.

(Italics ours.)

The commentary to italicized portion of the standard explains:

---

where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; but in no other case shall such order of dismissal bar another prosecution."

The provision that discharge should bar prosecution for "any other offense required to be joined with that offense" incorporates by reference standards as to required joinder. *This is necessary to ensure that prosecutors cannot circumvent the speedy trial requirements by unduly delaying trial on one charge and then subsequently proceeding on another closely related charge.*

(Footnotes omitted; italics ours.)

Joinder of related offenses is not required in all instances under either our court rule[7] or the ABA Standards Relating to Joinder and Severance § 1.3 (Approved Draft, 1968).[8] Nonetheless, the intent of the rules and standards on joinder, as they relate to the effect of a denial of speedy trial, is clear. Joinder principles are designed to protect defendants from

"successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials."[9]

*See also* commentary to ABA Standards Relating to Speedy Trial § 4.1 (Approved Draft, 1968), quoted approvingly in *State v. Striker, supra* at 874–75, which indicates the primary thrust of the dismissal with prejudice for failure to meet speedy trial deadlines is to deter prosecutors from undue delay in bringing a defendant to trial.

In denying Mr. McNeil's motion to dismiss the second information because of lack of speedy trial on the first charges, the trial court considered the application of CrR 4.3(c)(3) which provides:

A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense,

---

[7]See footnote 4.

[8]The standard is nearly identical to our court rule.

[9]Commentary to ABA Standards Relating to Joinder and Severance § 1.3, at 19 (Approved Draft, 1968), quoting from Model Penal Code § 1.08, comment (Tent. Draft No. 5, 1956).

unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). *The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.*

(Italics ours.) The court concluded that dismissal of the first information did not constitute a trial for the purpose of joinder or for the application of double jeopardy or res judicata principles. And, the court went on to say, "Had defendant been tried for the earlier charges, he would be entitled to dismissal of the present charges, since none of the exceptional circumstances [under CrR 4.3(c)(3) italicized above] appear to exist." We agree.

Nonetheless, the court refused to dismiss the second charges because it felt the ends of justice would not be served. The court said:

This is especially true since dismissal of the earlier charges was not the result of any conduct on the part of the Prosecuting Attorney. Defendant's attorney had requested delays, written letters and engaged in telephone conversations with the Court about dates, and had acquiesced in settings. The Court relied upon those actions and had allowed the matter to go beyond the 90 days within which trial was required, but no record was made, and for this reason the defendant's motion to dismiss was necessarily granted. Although the Court and the Prosecuting Attorney could each have been more careful, it does not appear their lack of care in relying upon the informal representations of defendant's counsel is indicative of any form of harassment.

We understand the court's concern over the nature of the dismissal of the first information. However, we do not feel those considerations outweigh the unambiguous substance of the speedy trial rules and principles, as well as those relating to joinder and severance. Their message is clear: If the time frames of CrR 3.3 are not met, the offense

charged, along with any other offense required to be joined with that offense, shall be absolutely discharged.

■ The speedy trial rules have been strictly construed since *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975), in order to protect the defendant's constitutional right to a speedy trial. *See State v. Mack*, 89 Wn.2d 788, 791–92, 576 P.2d 44 (1978). As the court said in *State v. Striker, supra* at 877, "past experience has shown that unless a strict rule is applied, the right to a speedy trial as well as the integrity of the judicial process, cannot be effectively preserved." To deny Mr. McNeil's motion to dismiss charges which would have been joined with charges earlier dismissed because he was denied a speedy trial under CrR 3.3 allows the prosecutor to circumvent the intent of the rules and the strict construction given to them by our courts.

Here the prosecutor knew or should have known of the offenses alleged in the second information at the time he filed the initial charges. He conceded that all of the allegations arose from the same set of documents. The state auditor who reviewed the first audit testified that his task merely was to determine the accuracy of the amount of cash shortages discovered in the initial accounting. Since the prosecutor was deterred from trying Mr. McNeil for embezzlement from January 1, 1974, through September 24, 1974, because of a failure to comply with a CrR 3.3 requirement, he attempted to try Mr. McNeil for making the false entries which would have been involved in the embezzlement charge during the same time frame.

Under these circumstances, we cannot allow the prosecutor to do indirectly what the lack of speedy trial prevented him from doing directly. Piecemeal prosecutions such as this promote circumvention of the intent of the speedy trial rules and the related concepts of fundamental fairness contained in joinder and severance principles.

The judgment of the Superior Court is reversed.

MUNSON, C.J., and ROE, J., concur.

MUNSON, C.J. (concurring)—I concur specially. This appeal could have been avoided if an adequate formalized record had been made of the defendant's requests while the first information was pending. It is an unfortunate truism that the practice of criminal law has become a formalized procedural arena, rather than one for determining the truth of the charges alleged. As long as the procedural rules presently in effect continue, prosecutors who fail to grasp this fact of life will continue to see their cases conclude as this one must.