[No. 6212–7–II.   Division Two.   December 13, 1983.]

THE STATE OF WASHINGTON, *Appellant,* v. GERALD
HOLT, *Respondent.*

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for appellant.

*John S. Abolofia,* for respondent.

REED, J.—The State appeals the dismissal of its information which charged Gerald Holt with 19 counts of possession of obscene material with intent to sell or distribute and one count of child pornography. The trial court dis-

missed the information for violation of the mandatory joinder and speedy trial rules. We affirm.

On September 9, 1981, the manager of Shurgard Mini Storage in Tacoma turned over a stash of pornographic magazines and films to the police. The manager had found the material in one of the Shurgard storage units which he had entered when the lease on the unit expired and attempts to contact the lessee were unsuccessful. The unit was rented from July 7 or 10, 1981[1] to August 1, 1981, by "Robert T. Thorne." "Thorne" gave as his place of employment on the rental agreement the address and telephone number of Jerry's Adult Bookstore at Ponders Corner in Pierce County. From this and other slightly altered information on the rental agreement such as date of birth, make of car, and home address, the police concluded that the fictitious "Thorne" was Christopher J. Oskowski, employee at the Ponders Corner bookstore. Gerald Holt is the owner of this bookstore.

On December 11, 1981, the prosecutor filed a 20–count information charging Holt and Oskowski[2] with possession of the obscene contents of the Shurgard storage unit with intent to sell or distribute. The date of possession alleged is not September 9, 1981, the date the materials were found, but July 9 and 10, 1981. The present case, which is based on the find at Shurgard Mini Storage, will be referred to as Holt II.

On December 14, 1981, 3 days after Holt II was filed, Gerald Holt went to trial on a different set of offenses, Holt I. The charges in Holt I were based on the sale of an obscene film from another of Holt's adult bookstores and on a second film found during the resultant search of the store the evening of July 9 and early morning of July 10. The sale was made by Lewis Arnett, an employee, to an

---

[1]Apparently the rental agreement did not clearly indicate the date the unit was rented.

[2]Oskowski is not a party to this appeal.

undercover policeman on July 9, 1981, at Jerry's Adult Bookstore on Commerce Street in downtown Tacoma.[3] This downtown bookstore, like the Ponders Corner store, is owned by Gerald Holt. The trial in Holt I resulted in a verdict of guilty on one count of possession of obscene material with intent to sell and acquittal on a second count of the same offense.

Holt moved to dismiss the 20 counts of Holt II in February 1982 on the basis that the charges were required to have been joined and tried with the offenses in Holt I pursuant to CrR 4.3(c) and that the speedy trial clock had run pursuant to CrR 3.3. The motion was granted. The State appeals.

Before reaching the issues as presented, we must first address a problem with respect to the record on appeal. The record does not include the information presented to the trial court in Holt II evidencing the charges in Holt I and their factual background. On the motion to dismiss the trial court had before it two superior court files, Holt I and the case against Arnett. No part of these files was formally marked as evidence in Holt II. Although not required, the trial court entered findings of fact and conclusions of law in connection with its order of dismissal. These findings of fact, prepared and presented by the defendant, have been made part of the record on this appeal and outline the earlier charges. We will accept the unchallenged findings of fact as sufficient evidence of the Holt I charges for purposes of this appeal.

The first issue presented is whether the offenses in Holt I and Holt II are related offenses, making the joinder of these cases mandatory under CrR 4.3(c)(3).[4] "Related offenses"

---

[3] Charges against Arnett were filed separately.

[4] CrR 4.3(c)(3) provides:

"A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). The motion to dismiss must be made prior to the second trial, and shall be

under the mandatory provisions of the joinder rule is defined at CrR 4.3(c)(1):

> Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct.

The offenses charged in Holt I and Holt II are related in the sense that they are both within the jurisdiction and venue of the Pierce County Superior Court. The question is whether the offenses in both cases are "based on the same conduct." We hold that they are.

■ In *State v. Erickson*, 22 Wn. App. 38, 587 P.2d 613 (1978), we held that offenses are related, *i.e.,* arise out of the same conduct, for mandatory joinder purposes when they share an intimate relationship or are intimately connected. Erickson was arrested and charged with second degree burglary and second degree theft after a high speed chase. A search of his vehicle revealed a pistol, the ammunition for which was found in Erickson's pocket. After the burglary theft charges were dismissed for failure to afford Erickson a speedy trial, the State charged him with being a felon in possession of a pistol. Because a strong inference could be drawn that Erickson had carried the pistol with him in commission of the burglary and theft, we concluded that the two sets of offenses were intimately connected and thus arose out of the same criminal conduct or episode. The weapons charge was thus governed by the same speedy trial time frame as the burglary theft charges and was properly dismissed.

The requisite connection between the commission of the Holt I offenses and the Holt II offenses is present. In Holt I the defendant was charged with two counts of possession of obscene material, specifically two films, with intent to sell, at Jerry's Adult Bookstore in downtown Tacoma on July 9 and 10, 1981. The obscene materials which are the basis for

---

granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted."

the second set of offenses, Holt II, were not found until September 9, 1981. Nevertheless, the State charged in its information that Holt possessed those materials on July 9 and 10, 1981.

The State has itself supplied the intimate connection necessary for a conclusion that the offenses in Holt I and II are related offenses. It was the State's theory in Holt II that the materials were removed in haste from the Ponders Corner store and secreted at Shurgard Mini Storage in early July after the downtown Tacoma store was searched by police on the evening of July 9 and early morning of July 10. Commission of the possession offenses in Holt II was intimately connected with the commission of the possession offenses in Holt I. Comparing Holt I to Holt II, the charges were the same, the kind of material allegedly illegally possessed was the same, and the date of possession charged was the same. In fact, in Holt I, defendant was convicted for possessing part one of the film "Animal Action." Count 9 of Holt II charged possession of part two of "Animal Action." We hold that the two sets of offenses are based on the same conduct and therefore are related offenses under CrR 4.3(c)(3).

This conclusion is supported by the policy underlying the mandatory joinder rule. As noted in *State v. McNeil*, 20 Wn. App. 527, 532, 582 P.2d 524 (1978), this policy is to protect defendants from

> "successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials."[5]

*See also State v. Russell*, 33 Wn. App. 579, 657 P.2d 338

---

[5]In dismissing the Holt II charges the trial judge concluded, *inter alia*, "It would be a gross injustice to allow the state to charge one crime at a time when it could have and should have brought all charges against Holt at one trial."

(1983). Joinder of Holt II with Holt I was mandatory.[6]

■ The second issue is whether Holt knew about the charges in Holt II before the Holt I trial so that his failure to move for joinder was a waiver. *See* CrR 4.3(c)(2).[7] The record contains no evidence that Holt knew he was charged with the Holt II offenses before the Holt I trial. There is no affidavit of service on file showing when Holt was served with a summons in Holt II. The State claims that Holt's knowledge can be inferred from the fact that the arraignment date was changed from December 14 to December 21. We cannot infer defendant's knowledge from a mere change in arraignment date. Actions of someone other than the defendant and his representative could have caused the postponement. The record does contain statements by the defendant's attorney that the prosecutor told the defendant about the Holt II charges in the morning immediately before the trial in Holt I commenced. The record does not reveal the substance of the information given. On this record we cannot say that the defendant knew the specifics of the Holt II charges before the trial in Holt I. Knowledge must be acquired at such a time and in such a manner as to allow the defendant a reasonable opportunity to assess the information and react. There was no waiver. The Holt II charges were properly dismissed for violation of the mandatory joinder rule.

---

[6]The State has not attempted to avoid mandatory joinder by arguing that it did not have sufficient evidence to warrant trying this offense at the time of the trial in Holt I. *See* CrR 4.3(c)(3). It concedes in its brief that all the evidence was accumulated by December 11 when the Holt II information was filed. Further, the trial court found that "on September 28, 1981, or before, the state had probable cause to charge both Holt and Oskowski" with the Holt II counts.

[7]CrR 4.3(c)(2) provides:

"When a defendant has been charged with two or more related offenses, his timely motion to join them for trial should be granted unless the court determines that because the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that time, or for some other reason, the ends of justice would be defeated if the motion were granted. A defendant's failure to so move constitutes a waiver of any right of joinder as to related offenses with which the defendant knew he was charged."

Because we hold that dismissal under CrR 4.3(c)(3) was proper, we need not address the dismissal under CrR 3.3, the speedy trial rule. Neither party addressed in its brief this alternative basis of the dismissal.

Affirmed.

PETRICH, C.J., and PETRIE, J., concur.