

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36314-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY D. CANFIELD, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — On remand from a previous appeal, the State filed two additional charges that could have been filed before the first trial. The charges should have been precluded by our mandatory joinder rule. We reverse the two newest counts.

## PROCEDURAL HISTORY

Appellant Tommy Canfield previously appealed convictions for possession of methamphetamine, second degree unlawful possession of a firearm, possession of a stolen firearm, and obstructing a public servant to this court. *State v. Canfield*, No. 34881-4-III (Wash. Ct. App. Apr. 3, 2018) (*Canfield* I) (unpublished), http://www.courts.wa.gov/pdf/348814_unp.pdf. This court affirmed the three felony convictions and reversed the gross misdemeanor offense of obstructing a public servant.

No. 36314-7-III
*State v. Canfield*

A majority of this court concluded that the obstructing a public servant charge had been treated as a multiple acts case and that in the absence of an election or a special verdict, the defendant's right to a unanimous verdict could not be ensured.[1] *Id.* at 10-11. In particular, the prosecutor argued that Mr. Canfield had obstructed the officers by lying about his identity, trying to hide evidence, and resisting handcuffing. *Id*. at 3. The obstructing conviction was reversed due to the unanimity problem and the case remanded for further proceedings. *Id*. at 12.

The prosecutor opted to retry the obstructing incident. Prior to trial, the court granted an amendment to the information that again charged obstructing a public servant and added charges of making a false or misleading statement and tampering with physical evidence. The defense did not object to the amendment. Mr. Canfield waived his right to a jury trial and proceeded to a bench trial.

The evidence was similar to that presented at the first trial. Law enforcement officers testified that Mr. Canfield feigned sleep when first contacted, disregarded several commands, and tried to start his vehicle as if to drive away from the scene. He also lied about his identity and tried to hide a gun while being arrested. The court convicted Mr. Canfield of obstructing for the "continuous course of conduct" including the behavior

---

[1] The authoring judge believed the obstructing charge constituted a continuing course of conduct for which no unanimity instruction was needed. *Canfield* I, slip op. at 11.

2

noted above. The court also found Mr. Canfield guilty of giving a false statement and guilty of attempted tampering with physical evidence due to the unsuccessful attempt to conceal the revolver.

The court imposed a 7 month sentence on the false statement conviction, 4 months for the obstructing conviction, and 45 days for the attempted evidence tampering offense. The false statement and obstructing sentences ran consecutively to all other sentences and the evidence tampering sentence was ordered to be served concurrently. The court also imposed a criminal filing fee and sheriff's service fee.

Mr. Canfield again appealed to this court. A panel considered his case without hearing argument.

ANALYSIS

Mr. Canfield contends that his counsel was ineffective, the evidence did not support the obstructing charge, and the noted financial obligations were improperly ordered. We address his arguments in the order noted.

*Ineffective Assistance of Counsel*

Mr. Canfield first argues that his counsel provided ineffective assistance by failing to object to the amendment of charges. We agree.

Ineffective assistance claims are reviewed under well settled standards. Counsel's failure to live up to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35,

899 P.2d 1251 (1995). Review is highly deferential and we engage in the presumption that counsel was competent; moreover, counsel's strategic or tactical choices are not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-92.

Also at issue is CrR 4.3.1(b)(3), the mandatory joinder rule. It provides:

A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for consolidation of these offenses was previously denied or the right of consolidation was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

"Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct." CrR 4.3.1(b)(1). The phrase "same conduct" means "conduct involving a single criminal incident or episode." *State v. Lee*, 132 Wn.2d 498, 503, 939 P.2d 1223 (1997). Related offenses must be joined to avoid the possibility of multiple prosecutions based on the same conduct. *State v. McNeil*, 20 Wn. App. 527, 532, 582 P.2d 524 (1978).

There was a previous trial and the superior court had jurisdiction and venue over the obstructing incident. Thus, if the new charges involved the same conduct as the original

4

obstructing charge, then mandatory joinder applied and counsel erred by failing to object to the amendment. Under both our original opinion and the case law, the new charges were the same conduct as the original charge.

The three principal components of the current charges—defendant's failure to comply with the deputy's lawful commands and resistance to handcuffing, his efforts at hiding the gun, and his lying about his identity—were argued to the jury in the first trial and provided the *ratio decidendi* for the first opinion. From those facts, the original panel concluded that there either were three instances of obstructing (majority) or one continuing obstruction of public servants (author). No panel member considered any aspects of the behavior unrelated to the case at hand. Rather, all members concluded that Mr. Canfield's behavior was part and parcel of the obstructing charge before the jury in the first trial. The obstructing conduct at issue in the first trial was related.

More importantly, our case law compels the same result. In a later case analyzing the authority relied on by *Lee*, the court concluded that same conduct/related offenses concepts referred to actions based on "the same physical act or actions" and relied on "the close logical and temporal proximity of the events." *State v. Kindsvogel*, 149 Wn.2d 477, 482-83, 69 P.3d 870 (2003) (construing former CrR 3.3 (2000)). The same physical actions were before the jury in the first case as were before the judge in the second case. Those actions also were logically and temporally related—the obstructing episode played out between the initial efforts to take Mr. Canfield into custody at his vehicle and continued

5

until his arrival at the jail.  This was one related incident, no matter whether it was parceled out into three offenses or one.

*McNeil* presents one example of related offenses.  There the defendant was charged with embezzlement and, by a later information, falsifying accounts by a public officer.  20 Wn. App. at 528-29.  The charges arose from the same documents and involved the same basic incident.  *Id*. at 529.  This court concluded that the offenses were related and the mandatory joinder rule barred the second prosecution.  *Id*. at 532-34.[2]

Another example is presented by *State v. Holt*, 36 Wn. App. 224, 673 P.2d 627 (1983).  There an adult bookstore owner was prosecuted for obscene materials found at his place of business.  *Id*. at 225.  In a second case, 20 additional charges were filed relating to obscene materials found in a storage unit; both charging documents referenced the same dates.  *Id*. at 225-26.  The 20 later-filed charges were dismissed for failure to have been joined with the charges arising from the operation of the store.  *Id*. at 226-28.

The Washington Supreme Court likewise has applied mandatory joinder to bar trials of similar offenses arising from the same actions.  *E.g.*, *State v. Dallas*, 126 Wn.2d 324, 892 P.2d 1082 (1995) (possession of stolen property prosecution barred later theft prosecution); *State v. Anderson*, 96 Wn.2d 739, 638 P.2d 1205 (1982) (dismissal of one

---

[2] Different offenses arising at the same time are not subject to mandatory joinder. *See State v. Bradley*, 38 Wn. App. 597, 687 P.2d 856 (1984) (marijuana possessed at same time as eluding charge not related offenses).

theory of first degree murder barred later prosecution under alternative theory of first degree murder); *State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978) (robbery and assault charge barred subsequent assault charge involving different victim in the same robbery incident).

Accordingly, we believe the false statement and witness tampering charges that arose from the same behavior underlying the original obstructing charge were subject to mandatory joinder. The information necessary to prosecute those charges was available to the prosecutor before the first trial. Accordingly, defense counsel erred by failing to object to the amended information. The error was prejudicial because Mr. Canfield received additional punishment for the new charges.

The false statement and attempted witness tampering convictions are reversed.[3]

*Sufficiency of the Evidence*

Mr. Canfield next challenges the sufficiency of the evidence to support the conviction for obstructing, raising a challenge that we previously said should not be raised. We affirm the conviction.

Sufficiency of the evidence challenges also are reviewed on appeal in accordance with well settled standards. Evidence is sufficient to support a verdict if there is a factual basis for finding each element of the offense proved beyond a reasonable doubt. *Jackson*

---

[3] Because the two offenses are not felonies and did not impact Mr. Canfield's offender score, resentencing is not required.

*v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The evidence is viewed in the light most favorable to the prosecution. *Green*, 94 Wn.2d at 221. Appellate courts defer to the trier-of-fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Here, sufficient evidence supported the judge's determination that Mr. Canfield hindered a public servant in the performance of his duties. Indeed, Mr. Canfield does not truly dispute the sufficiency of the evidence and does not challenge any finding, but attempts to liken his situation to that in *State v. D.E.D.*, 200 Wn. App. 484, 402 P.3d 851 (2017). The comparison fails.

*D.E.D.*, also a prosecution for obstructing a public servant, involved a defendant who passively resisted an investigatory detention. *Id*. at 487-88. Noting that no one has a duty to cooperate with a police investigation, we concluded that passive resistance to an investigatory detention was simply another form of declining to cooperate. *Id*. at 494-96. "Passive resistance consistent with the lack of a duty to cooperate, however, is not criminal behavior." *Id*. at 496. Thus, the defendant's resistance to being handcuffed did not constitute obstructing a public servant. *Id*. However, we cautioned "against extending our narrow holding, which is simply that resisting handcuffing when a suspect is not under arrest does not constitute obstructing a law enforcement officer." *Id*. That

8

caution was warranted because only slight additional activity on top of passive resistance could amount to a crime. *Id.* at 496-97.

This case falls directly into the *D.E.D.* caution and fails because of it. The law imposes a duty to cooperate with an arrest and makes it a crime to resist arrest. RCW 9A.76.040(1). Actions that hinder an arrest short of resisting can constitute obstructing a public servant. *E.g.*, *State v. Holeman*, 103 Wn.2d 426, 693 P.2d 89 (1985) (assisting another person to resist arrest constituted obstructing). Passive resistance to a lawful arrest can constitute obstructing by itself. Here, there was additional evidence beyond the handcuffing incident, including the repeated refusals to obey commands and feigning sleep.

Mr. Canfield did not merely refuse to cooperate with the police. He actively tried to hinder them. The trial court had ample basis for concluding that Mr. Canfield was guilty of obstructing a public servant.

*Financial Obligations*

Two weeks after the sentencing in this case, the Washington Supreme Court determined that recent changes to the sentencing laws applied retroactively to all non-final criminal cases. *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State agrees with Mr. Canfield that the trial court must strike all discretionary financial obligations from the sentence. We concur.

The trial court must strike the filing fee and the sheriff's service fee from the judgment.

Reversed and remanded.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Lawrence-Berrey, J.