**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54606-0-II |
| Respondent, | |
| v. | UNPUBLISHED  OPINION |
| SMOKEY FERNANDEZ, aka BRIAN ADAM FERNANDEZ, | |
| Appellant. | |

WORSWICK, J. — Smokey Fernandez appeals his conviction and sentence for first degree

child molestation.  He argues that there was insufficient evidence to sustain his conviction and

the trial court erred and violated his constitutional right to parent his children when it ordered a

community custody condition that prohibited Fernandez's contact with his minor child unless

approved by a sexual deviancy treatment provider.[1]  We hold that sufficient evidence supports

Fernandez's conviction, and, as the State concedes, the trial court did not engage in the required

fact-specific inquiry or address the scope and duration of the community custody condition.

Accordingly, we affirm Fernandez's conviction but remand to the trial court to reexamine his

community custody condition concerning contact with his minor children.

---

[1] Fernandez filed three separate statements of additional grounds (SAGs) but only one was
timely, so the Court Clerk filed the latter two without action.  Then Fernandez filed a letter to the
Court Clerk requesting to withdraw his SAG and asking the Clerk to return his documents.  We
considered this as a motion, and we grant Fernandez's motion to withdraw his SAG, but hold
that the SAG documents shall remain in the file without action.

FACTS

I. BACKGROUND

Fernandez began a relationship with AK around 2014 that lasted for four years. In 2015, he moved in with AK, into a home they shared with AK's mother and AK's minor daughter, OK. Fernandez would sometimes stay home with OK while AK and her mother were at work.

On one occasion, when OK was about age 7, she ended up naked on Fernandez's lap in a rocking chair.[2] OK then noticed Fernandez's bare penis outside of his shorts and that it felt wet on her bottom. OK saw and felt that Fernandez's penis had fluid on it.[3] When she felt it "wet on [her] butt" and saw his penis, she jumped out of the chair and said "eww." 2 Verbatim Report of Proceedings (VRP) at 640.

When AK returned home, OK told her that she had seen Fernandez's penis. Fernandez told AK that his shorts rode up and that OK had merely glimpsed it.

Sometime later, OK related what happened to her adult mentor from the Great Life Mentoring Service. OK brought up to her mentor that she had seen Fernandez's penis. She told the mentor that it came out of Fernandez's pants, and then OK motioned to her crotch. OK told the mentor that his penis had "pee juice coming out the end" that she said "eww," but that Fernandez did not immediately put it away. OK then told the mentor that the "pee juice" got "on [her] butt."

---

[2] At that time, Fernandez would have been at least 30 years old.

[3] OK referred to the fluid in various ways ("boy pee," "pee juice," and "natural juices") but it was never established for the record whether the fluid was urine or ejaculate. 1 VRP at 490-92; 2 VRP at 579, 600-01, 639; *see also* 2 VRP at 734.

The mentor reported this to her supervisor, which led to the involvement of Child Protective Services (CPS) and the Washougal police. OK later told a CPS worker what happened consistent with what she reported to her mentor, including that she had been in the rocking chair with Fernandez and that his penis had "juice coming from it." 2 VRP at 551-56, 564-65. OK was removed to protective custody. While in protective custody, OK gave an account to a police child forensic interviewer that was consistent with her prior reports to her mentor and CPS worker. OK also drew a depiction of what she saw for the forensic interviewer.

## II. PROCEDURAL HISTORY

Washougal police arrested Fernandez in September 2018. The State charged him with one count of first degree child molestation. The case proceeded to a jury trial in March 2020.

At trial, witnesses testified to the facts above. OK, AK, the mentor, the CPS worker, and Washougal police officers all testified consistent with OK's initial report. OK testified that she was sitting on Fernandez's lap watching television, when his penis "slipped out of his shorts." 2 VRP at 639. She said that it "had natural juices on it," and when asked what part of the penis had those juices on it, she replied, "everything." 2 VRP at 639. She also testified that Fernandez's penis was "on my butt for sure." 2 VRP at 640.

The jury found Fernandez guilty of first degree child molestation. The trial court sentenced Fernandez to a minimum term of 78 months as part of an indeterminate sentence. *See* RCW 9.94A.507. As part of the community custody conditions, the court imposed a condition prohibiting Fernandez from contacting any minors without approval of the Department of Corrections and his sexual deviancy treatment provider. Fernandez has a daughter from another relationship who lives with her biological mother out of state.

Fernandez appeals.

ANALYSIS

I. SUFFICIENT EVIDENCE

Fernandez first argues that there is insufficient evidence to support the jury's conviction. We disagree.

When considering a sufficiency of evidence argument, we must determine whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *State v. Condon*, 182 Wn.2d 307, 314, 343 P.3d 357 (2015) (quoting *State v. Luvene*, 127 Wn.2d 690, 712, 903 P.2d 960 (1995)) (internal quotation marks omitted) (alteration in original). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Salinas*, 119 Wn.2d at 201; *see also Condon*, 182 Wn.2d at 314. We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Canfield*, 13 Wn. App. 2d 410, 418, 463 P.3d 755 (2020).

To convict Fernandez of first degree child molestation, the State had to prove that Fernandez had sexual contact with a person less than twelve years old and that he was at least thirty-six months older than the victim. RCW 9A.44.083(1). "'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(13). We have interpreted the term "intimate parts" to have a broader meaning than "sexual" and includes "parts of the body in

4

close proximity to the primary erogenous areas," including the hips, buttocks, and lower abdomen. *In re Welfare of Adams*, 24 Wn. App. 517, 519-21, 601 P.2d 995 (1979).

Sexual gratification is not an essential element of first degree child molestation, but merely clarifies the term "sexual contact." *State v. Lorenz*, 152 Wn.2d 22, 36, 93 P.3d 133 (2004). Including sexual gratification in the definition of "sexual contact" serves to exclude inadvertent touching or contact from being a chargeable offense. *State v. Stevens*, 158 Wn.2d 304, 309, 143 P.3d 817 (2006). However, the State has a burden to show sexual gratification to prove sexual contact. *Stevens*, 158 Wn.2d at 309. Contact is "intimate" if a person of common intelligence could determine from the circumstances that parts touched were intimate and therefore touching was improper.[4] *State v. Harstad*, 153 Wn. App. 10, 21, 218 P.3d 624 (2009).

Here the State presented evidence that Fernandez touched OK's unclothed intimate parts. 1 VRP at 490; 2 VRP at 552, 579-80, 600, 639-40. Further, the State presented uncontroverted evidence that OK came in contact with Fernandez's penis, which had "natural juices" all over it. 1 VRP at 490; 2 VRP at 552, 579-80, 600, 639-40. Drawing all inferences in the State's favor, this evidence was sufficient for a rational trier of fact to have found the elements of the crime beyond a reasonable doubt.

Fernandez argues that because the State presented no evidence that the liquid on Fernandez's penis was semen, and not urine, the State therefore cannot prove sexual contact because it cannot show sexual gratification. This argument strains credulity. Moreover, our Supreme Court has explained that under certain circumstances, urine may be indicative of sexual

---

[4] A jury may determine that parts of the body in close proximity to the primary erogenous areas are intimate parts. *Harstad*, 153 Wn. App. at 21.

gratification in the context of sexual contact. *State v. Jones*, 112 Wn.2d 488, 497, 772 P.2d 496 (1989). Accordingly, we hold that sufficient evidence supports Fernandez's conviction.

## II. COMMUNITY CUSTODY CONDITION

Next, Fernandez argues that the trial court erred when it imposed the community custody condition prohibiting any contact with minors without first gaining approval from the Department of Corrections and his sexual deviancy treatment provider. He argues that the trial court's order violated his fundamental liberty interest in parenting his children. The State concedes that the trial court did not properly consider the community custody condition to ensure that it was "sensitively imposed." Br. of Resp't at 9; *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010); *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). We accept the State's concession.

Although a parent's fundamental right to parent may be limited by a community custody condition, the trial court must conduct a "fact-specific" inquiry that examines the no-contact order, its scope, its duration, and whether its conditions are reasonably necessary. *State v. Peters*, 10 Wn. App. 2d 574, 584, 455 P.3d 141 (2019). The court must impose the condition so that it is "'reasonably necessary to accomplish the essential needs of the State and public order.'" *Peters*, 10 Wn. App. 2d at 583 (quoting *Rainey*, 168 Wn.2d at 377). We remand the community custody condition to the trial court and instruct the trial court to conduct the appropriate fact-specific inquiry.

No. 54606-0-II

Thus, we affirm Fernandez's conviction but remand to the trial court to consider the scope and duration of the community custody provision that prevents Fernandez's contact with his minor child.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Lee, C.J.