FILED
9/22/2025
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                    Respondent,

          v.

BRIAN AARON MILLER,

                    Appellant.

No. 88039-0-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — A jury convicted Brian Miller of second degree assault, attempting to elude a police officer, tampering with a witness, obstruction, and three counts of violating a court order. On appeal, Miller challenges his assault and obstruction convictions arguing that the trial court erred in admitting out-of-court testimonial statements and that there was insufficient evidence for the obstruction conviction. We disagree and affirm.

I

On June 30, 2023, Bonney Lake officers were dispatched to a report of an unknown disturbance. The caller of the 911 call was Adam Stroh, who told the dispatcher that his boyfriend Brian Miller had choked him and fled in a vehicle.

Once officers arrived on scene, Stroh stated he and Miller got into a fight about moving a motor home and Miller attacked Stroh. Officers observed that Stroh had red marks and blood on his face and light red marks on his neck. During this encounter, Bonney Lake Officer Taylor Graham was equipped with a bodycam and recorded the 10-minute encounter.

Officers eventually located Miller driving in a vehicle. Officers turned on the patrol lights and attempted to pull Miller over, but he failed to stop and continued to flee. Officers lost sight of Miller for some time until a bystander informed officers that Miller was fleeing on foot behind a building. Officers located Miller and ordered him to stop running, but Miller did not comply. Officers told Miller to get on the ground several times. Officers were eventually able to arrest Miller.

The State charged Miller with assault in the second degree, attempting to elude a police officer, obstruction, tampering with a witness, and three counts of violating a court order.

The State moved pretrial to admit a copy of Officer Graham's bodycam footage as an excited utterance and/or present sense impression. Miller objected and argued that the bodycam footage contained testimonial statements by Stroh because officers were asking about past events for the purposes of investigating domestic violence.

The trial court concluded that the beginning of the video when officers arrive and Stroh is describing the events was admissible, which is just over three minutes of the recording. But the trial court concluded that the remaining portion of the recording was inadmissible when the questions shifted to a more formal investigation about historical bad acts and Miller's location.

Stroh did not testify at trial. A jury convicted Miller as charged.

Miller appeals.

II

Miller argues that the trial court erred when it admitted Stroh's out-of-court statements through the bodycam footage. We disagree.

The confrontation clause prohibits testimonial out-of-court statements of an absent witness unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). A statement is testimonial when "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Davis v. Washington, 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006). In contrast, a statement is nontestimonial if the "primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Davis, 547 U.S. at 822. We review confrontation clause challenges de novo. State v. Scanlan, 193 Wn.2d 753, 761, 445 P.3d 960 (2019).

The trial court allowed for about three minutes of footage from the bodycam video. Ex. 20b. In those three minutes, officers arrived at the scene and asked Stroh "what is going on today?" Ex. 20b at 0 min., 37 sec. to 0 min., 38 sec. Stroh explained that Miller attacked him and that he was scared from the incident and was going to seek a protection order. Ex. 20b at 0 min., 53 sec. to 1 min., 9 sec. Officers informed Stroh that they were going to have medical assistance come for an evaluation. Ex. 20b at 1 min., 24 sec. Officers inquired about the injuries on his face and proceeded to take photos. Ex. 20b at 1 min., 33 sec. to 2 min., 30 sec. The remainder of the bodycam

footage was excluded when Stroh proceeded to discuss the details of the incident and answered several questions from officers.

Miller relies on Hammon v. Indiana (the companion case decided in Davis) and State v. Koslowski, 166 Wn.2d 409, 209 P.3d 479 (2009), to support his argument that Stroh's statements were testimonial. In Hammon, the defendant was physically moved into another room and separated from his wife when she gave her statement to police about a domestic violence incident. Davis, 547 U.S. at 819. As the court noted, her signed statement recounted how the incident began and progressed and that she provided the statement after the incident was over. Davis, 547 U.S. at 831-32. Accordingly, the court held that the statements were made under an official investigation and were testimonial. Davis, 547 U.S. at 829-30. But the court noted when officers are called to investigate domestic disputes, they often need to know whom they are dealing with to assess the situation, the threat to their own safety, and the possible danger to the potential victim, which often means that the "initial inquires" produce nontestimonial statements. Davis, 547 U.S. at 832.

In Koslowski, police arrived after the victim called to report a robbery. 166 Wn.2d at 414. The victim showed officers the ties that had been used as handcuffs and explained what had happened. Koslowski, 166 Wn.2d at 414. The court held that the victim's statements were testimonial because she was speaking about events that already occurred and was no longer in danger or dealing with a present emergency and that there was no evidence that the defendant was still in the area. Koslowski, 166 Wn.2d at 421-24, 426.

Koslowski and Hammon are distinguishable. When officers arrived, Stroh made initial statements about the incident and officers observed his injuries. These statements were not testimonial because the primary purpose was to enable police assistance in an ongoing emergency. Police were assessing the situation to determine whether there was an ongoing emergency. When the more formal investigation began, the trial court properly excluded those statements, which were similar to the statements in Hammon and Koslowski. The first initial statements helped officers evaluate the emergency, but when the officers began asking more formal questions and taking notes, the statements were testimonial and properly excluded—as required by Hammon and Koslowski.

For those reasons, the trial court did not err in admitting a portion of the bodycam footage.

III

Miller argues there is insufficient evidence of obstruction because Miller was the target of the investigation and there was only a brief delay. We disagree.

The State must prove every element of a crime beyond a reasonable doubt. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). To determine whether sufficient evidence supports a conviction, we must determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Condon, 182 Wn.2d 307, 314, 343 P.3d 357 (2015) (quoting State v. Luvene, 127 Wn.2d 690, 712, 903 P.2d 960 (1995)). Lastly, "[a] person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law

-5-

enforcement officer in the discharge of his or her official powers or duties."  RCW 9A.76.020(1).

Miller relies on State v. D.E.D., 200 Wn. App. 484, 402 P.3d 851 (2017) to support his argument.  There, the defendant was charged with obstruction when he passively resisted an officer's attempt at an investigatory detention.  D.E.D., 200 Wn. App. at 487-88.  Division Three of this court reversed and held that resisting handcuffing when a suspect is not under arrest does not constitute obstructing a law enforcement officer because there is no general obligation to cooperate with a police investigation.  D.E.D., 200 Wn. App. at 495-97.

D.E.D. does not apply.  In that case, the defendant was the subject of an investigatory stop.  Here, officers were stopping Miller to place him under a lawful arrest.  The law imposes a duty to cooperate with an arrest and makes it a crime to resist arrest.  RCW 9A.76.040(1); State v. Canfield, 13 Wn. App. 2d 410, 418, 463 P.3d 755 (2020).  Therefore, actions that "hinder an arrest short of resisting" can constitute the crime of obstruction.  Canfield, 13 Wn. App. 2d at 418.  Miller continued to run when officers ordered him to stop.  Officers also told Miller to get on the ground several times, but he did not comply.  These facts are sufficient to support an obstruction conviction.  See, e.g., State v. Hudson, 56 Wn. App. 490, 498, 784 P.2d 533 (1990) (holding that flight from a police officer attempting in good faith to detain a suspect is sufficient for an obstruction conviction); State v. Ware, 111 Wn. App. 738, 745, 46 P.3d 280 (2002) (holding sufficient evidence existed for obstruction conviction when the defendant fled upon being told she was under arrest); Canfield, 13 Wn. App. 2d at 418 (holding that passive resistance to a lawful arrest can constitute the crime of obstruction).

Viewing the facts most favorable to the State, we conclude that a rational trier of fact could have concluded that the elements of obstruction were met.[1]

We affirm.

_____Mann, J._____

WE CONCUR:

_____Díaz, J._____          _____Birk, J._____

---

[1] Miller relies on an unpublished case State v. Scheinost, No. 55334-1-II, slip op. at 5-6 (Wash. Ct. App. Mar. 8, 2022) (unpublished), https:// www.courts.wa.gov/opinions/pdf/D2%2055334-1-II%20Unpublished%20Opinion.pdf., to argue that a brief delay is not enough for an obstruction conviction. We disagree. Besides the fact that this case is not binding on this court, officers were hindered in their ability to lawfully arrest Miller when he ignored several of the officers' commands and continued to run, which is sufficient for an obstruction conviction.